Filed 3/12/15  P. v. Olaiz CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOE ANTHONY OLAIZ, JR.,<br><br>    Defendant and Appellant. | G049917<br><br>(Super. Ct. No. 07WF2345)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, M. Marc Kelly, Judge.  Affirmed.

John N. Aquilina, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

A jury found defendant Joe Anthony Olaiz, Jr., guilty of: assault with a firearm, with an enhancement for personal use of a firearm (Pen. Code, §§ 245, subd. (a)(2), 12022.5, subd. (a)); possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1)); possession of cocaine for sale (Health & Saf. Code, § 11351); possession of methamphetamine for sale (Health & Saf. Code, § 11378); and possession of ammunition by a felon (Pen. Code, § 12316, subd. (b)(1)).

Defendant then admitted various prior conviction allegations (Pen. Code, §§ 667.5, subd. (b), 11370.2, subd. (a)), based on his April 18, 1997, April 25, 2001, and April 26, 2004 convictions for separate violations of Health and Safety Code section 11378, and for which he served separate terms in prison.

The court sentenced defendant to 17 years and 8 months in prison. This timely appeal followed.

We appointed counsel to represent defendant. He filed a brief which set forth the facts and the procedural history of the case. He did not argue against defendant, but advised he had not found any issues to argue on his behalf. (*People v. Wende* (1979) 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738.) However, he suggested five issues to assist us in our independent review of the record, as set out below.

We notified defendant he could file written argument on his own behalf, but the period to do so has passed and we received no communication from him.

We reviewed the entire record according to our obligations under *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 485 U.S. 738, and we considered all of the issues suggested by counsel, but we found no arguable issues on appeal.

**FACTS**

On September 9, 2007, defendant entered a motel room with a gun. The room occupant, Falicia Stevenson, attempted to flee, tripped and fell, and a struggle ensued. During the struggle defendant's gun fired twice and struck Stevenson in the leg and thigh.

2

A subsequent search of defendant's residence resulted in the recovery of ammunition and white powdery substances which were believed and later stipulated to be cocaine and methamphetamine. A narcotics expert opined defendant possessed the cocaine and methamphetamine for sale.

## DISCUSSION OF ISSUES SUGGESTED BY COUNSEL

*1. The Court Properly Denied Defendant's Marsden Motion.*

On the first day of the trial defendant moved to have his appointed counsel relieved and replaced. (See *People v. Marsden* (1970) 2 Cal.3d 118.) After an in camera hearing, in which the court heard from defendant and his appointed counsel, the court denied the motion. The sealed transcript of the hearing supports the court's finding counsel had conducted an adequate investigation, and defendant was simply seeking to delay the trial. (*People v. Silva* (1988) 45 Cal.3d 604.)

*2. The Court Properly Denied Defendant's Motion to Substitute Retained Counsel.*

A short time later, defendant moved to replace his appointed counsel with retained counsel. The record supports the court's finding the motion was untimely, and again was made for improper purposes of delay. Thus, the court properly denied the motion. (*People v. Lara* (2001) 86 Cal.App.4th 139.)

*3. The Court Properly Admitted the Audio Recording of the 911 Call.*

Over defendant's hearsay objection, the court allowed the prosecution to introduce an audio recording of Stevenson's 911 call to a police dispatcher, which was made after Stevenson had been shot. The recording also captured extraneous background statements made by "Gary," a "female citizen," and a "male citizen," all of whom were unidentified. We have listened to the audio recording and concluded the court correctly ruled the background statements were spontaneous declarations (Evid. Code, § 1240), which were not "testimonial" (*Crawford v. Washington* (2004) 541 U.S. 36) in nature. Consequently, the court properly admitted the audio recording of the 911 call.

3

*4. Defendant Waived Any Error in the Impeachment Ruling.*

The court ruled that if defendant testified he could be impeached with a sanitized version of his seven separate prior felony convictions.  Defendant did not testify.  Therefore, "Defendant has failed to preserve this claim of error.  It is well established that the denial of a motion to exclude impeachment evidence is not reviewable on appeal if the defendant subsequently declines to testify.  [Citations]" (*People v. Ledesma* (2006) 39 Cal.4th 641, 731.)

*5. Defendant Waived Any Error in the Personal Gun Use Enhancement Sentence.*

The sentence imposed included the 10-year high term defendant's personal use of a firearm.  (Pen. Code, § 12022.5, subd. (a))  An objection is required in order to preserve the right to challenge a discretionary sentencing call on appeal, unless the trial court has imposed an unlawful sentence.  (*People v. Scott* (1994) 9 Cal.4th 331, 356.)  Defendant did not object and the sentence imposed is lawful.

## DISPOSITION

The judgment is affirmed.


THOMPSON, J.

WE CONCUR:


FYBEL, ACTING P. J.


IKOLA, J.

4